IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHER DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § § | |
| CRAIG E. TRAYLOR | § § | CASE NO. 10-34784 |
| DEBTOR(S) | § § | CHAPTER 7 |

### NOTICE OF EXAMINATION OF CRAIG E. TRAYLOR
### UNDER BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1

TO: Jeffrey Wells Oppel, OPPEL, GOLBERG & WILLIAMS, P.L.L.C., 1010 Lamar, Suite 1420, Houston, Texas 77002.

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, CRAIG E. TRAYLOR is directed to appear for deposition by sound and stenographic means before a Notary Public or other officer authorized by law to administer oaths on **Tuesday, August 24, 2010, beginning at 1:30 p.m. in the offices of Ted L. Walker, 402 Main Street, Penthouse, Houston, Texas 77002.** By agreement, the examination will be conducted by the Creditor's counsel. If necessary, this initial examination will be continued; however, the total examination time for all parties asking questions of the witness shall not exceed eight (8) hours per day. If the Creditor or other parties in interest are unable to complete their examination within this agreed upon time, further examination time must be scheduled at a later date, either by agreement or order of the Bankruptcy Court. The scope of this deposition shall be limited to the topics listed on Exhibit "A" attached to this Notice.

This deposition is taken in connection with the above listed bankruptcy case by agreement between the Creditor in the above-captioned bankruptcy case and the witness pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1.

The deposition will be taken before a Notary Public or officer authorized to administer oaths. The deposition may be videotaped.

Sterling Bank requests that CRAIG E. TRAYLOR produce certain documents at the time of the examination as identified on the attached Exhibit "B", which is incorporated herein for all purposes.

**Dated**: August 13, 2010

Respectfully submitted,

By: /s/ Ted L. Walker
Ted L. Walker
State Bar No. 20733100
*Attorney in Charge*

OF COUNSEL:

Adam R. Fracht
State Bar No. 24047245
THE WALKER FIRM
402 Main at Preston, 9th Floor
Houston, Texas 77002
(713) 225-1354
(713) 225-1215 Facsimile
*Attorneys for Creditor Sterling Bank*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded on August 13, 2010, by ECF and/or facsimile and/or First Class U.S. Mail, to:

***Debtor*:**
Craig E. Traylor
24043 Hackberry Creek Drive
Katy, TX 77494

***Attorney for Debtor*:**
Jeffrey Wells Oppel
Oppel Goldberg et al
Attorney at Law
1010 Lamar
Houston, TX 77002

***U.S. Trustee*:**
Office of the US Trustee
515 Rusk Avenue
Ste. 3516
Houston, TX 77002

***Trustee*:**
Ronald J. Sommers
Nathan Sommers Jacobs Gorman
2800 Post Oak Road
Houston, Texas 77056

***Creditors*:**
**American Express Travel Related Services Co Inc**
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

**American Express/Amex Bank**
c/o Anh H. Regent
Regent & Associates
2650 Fountain View, Suite 233
Houston, TX 77057

**Capital One Bank**
Deposit Recovery Dept.
PO Box 259360
Plano, TX 75025

**Chase Card Services**
PO Box 15298
Wilmington, DE 19850-5298

**Commerica Bank**
c/o Sherly A. Philip
Lam Lyn & Philip, PC
3555 Timmons Ln., Suite 790
Houston, TX 77027

**Estella Traylor**
24043 Hackberry Creek Dr.
Katy, TX 77494

**First Community Credit Union**
PO Box 8401129
Houston, TX 77284-0129

**Fort Bend County Tax Office**
1317 Eugene Heimann Circle
Richmond, TX 77469

**Harris-Ft. Bend Counties MUD #5**
Barbara Wheeler, Tax A/C
6935 Barney Rd., Suite 110
Houston, TX 77092-4443

**Harris-Ft. Bend Counties MUD #5**
c/o Perdue, Brandon, Fielder, Collins
1235 North Loop West, Suite 600
Houston, TX 77008

**Investors Mortgage Corp.**
c/o Richard F. Hooley
Santoro, Driggs, Walch, Kearney et al
400 S 4th St., 3rd Fl.
Las Vegas, NV 89101

**San Antonio FCU**
PO Box 1356
San Antonio, TX 78295-1356

**State of Texas (TBAE)**
c/o Jamie M. Lynn, Asst. AG
Gen.Bktcy. & Collections Div.
PO Box 12548
Austin, TX 78711-2548

**Texas Land Engineers, Inc.**
c/o Duke Keller, Jr.
Weycer, Kaplan, Pulaski & Zuber, PC
11 Greenway Plaza, Suirte 1400
Houston, TX 77046

**Tom and Rose Traylor**
218 Royal Lakes Manor Blvd.

Richmond, TX 77469

**Tradition Bank**
c/o Teri A. Walter
Walter Law Firm, PC
3 Riverway, Suite 1800
Houston, TX 77002

**Wachovia Bank NA**
Retail Credit Servicing VA0343
PO Box 13327
Roanoke, VA 24040-0001

                                            /s/ Adam R. Fracht
                                            Adam R. Fracht

F:\STERLING BANK\36-51 TRAYLOR & ASSOCIATES LTD\BANKRUPTCY CHAPTER 7\NOTICE OF 2004 EXAMINATION OF CRRAIG TRAYLOR.WPD

## EXHIBIT "A" — Topics to Be Discussed During 2004 Exam

1. The assets identified on the current version of Debtor;s Schedules A and B.
2. The liabilities identified on the current version of the Debtor's Schedules D, E and F and the terms of any co-liability on such debts for the parties listed on Schedule H.
3. Each of the Debtor's responses to the questions propounded in the Statement of Financial Affairs.
4. Any asset, liability or transaction not currently identified on a Debtors' Schedules or Statement of Financial Affairs for which amendment might be necessary to list such asset, liability or transaction.
5. All transactions involving the purchase or sale of an interest in real property by the Debtor.
6. The acts, conduct, or property or the liabilities and financial condition of the Debtor or any other matter which may affect the administration of the Debtor's estate; the location and ownership of the collateral pledged to Sterling Bank by Traylor and Associates, Ltd., including, but not limited to, the accounts receivable of Traylor and Associates, Ltd., pledged to Sterling Bank.

## EXHIBIT "B" SUBPOENA DUCES TECUM

### I.
### DEFINITIONS

As used in this notice the following terms mean:

(1) The term "document(s)" is used herein in its customary broad sense, and means any kind of printed, recorded, written, graphic or photographic matter, however printed, produced, reproduced, coded or stored, of any kind or description, whether or not sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, including, but not limited to: papers, books, accounts, ledgers, models, photographs, drawings, sketches, blue prints, objects, tangible things, correspondence, telegrams, cables, telex messages, memorandums, notations, work papers, routing slips, intra and inter office communications, intra and inter departmental communications, to by, between or among directors, officers, agents, attorneys (not privileged) or employees, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings, affidavits, statements, summaries, opinions, court pleadings, reports, indices, studies, analysis, forecast, evaluations, contracts, licenses, leases, agreements, invoices, note book entries, ledgers, journals, books of records of account, summaries of account, balance sheets, income statements, questionnaires, answers to questioners, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer tapes, disks, magnetic tapes, punch cards data processing input and output, computer files, computer programming sheets, microfilm, microfiche, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, regardless of their author or origin, of any kind, however denominated by the witness.

(2) The term "concerning" includes referring to, alluding to, responding to, relating to, incident to, connected with, commenting on, in respect of, about, regarding, discussing, showing, recording, describing, mentioning, reflecting, analyzing, evidencing, or pertaining to, such requests.

(3) The terms "you" and "your" mean CRAIG E. TRAYLOR and all persons or entites acting on his behalf.

(4) The term "Collateral" means the following property of Traylor and Associates, Ltd.:

All Chattel Paper, Accounts and General Intangibles

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and

wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from the party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electric media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process and such records or data on electronic media.

## II.
## DOCUMENTS TO BE PRODUCED IN
## CONNECTION WITH THE EXAMINATION

1. All CRAIG E. TRAYLOR's federal income tax returns filed for the years 2005 through the present (this shall include all schedules attached to such returns).

2. All of CRAIG E. TRAYLOR's financial statements prepared by you or CRAIG E. TRAYLOR's agents or accounts from 2005 through the present.

3. All of CRAIG E. TRAYLOR's checking account statements and other bank account statements for each month from January 2005 through the present.

4. All 1099's, W-2's, and W-4's issued by or to CRAIG E. TRAYLOR from 2005 through the present.

5. Documents reflecting the transfer, sale, conveyance, gift or other transfer of any kind of property by or to CRAIG E. TRAYLOR.

6. Documents describing all assets received by CRAIG E. TRAYLOR from 2005 through the present.

7. Copies of checks and other documents reflecting payments made to or for the benefit of CRAIG E. TRAYLOR.

8. All Deeds wherein CRAIG E. TRAYLOR is the grantee which were executed from 2005 through the present. (All Deeds are to be produced notwithstanding the fact that CRAIG E. TRAYLOR may no longer own such property.)

9. All Deeds of Trust wherein CRAIG E. TRAYLOR is the grantor or beneficiary which were executed from 2005 through the present. (All Deeds of Trust shall be produced notwithstanding the fact that the trust has been released.)

10. Copies of all deposit slips with regard to money deposited by CRAIG E. TRAYLOR in any financial services institution, bank or savings and loan accounts from January 1, 2005, through the present.

11. Any and all Promissory Notes, Security Agreements and Financial Statements executed by CRAIG E. TRAYLOR to any financial institution or individual during the years 2005 through the present and which remain unpaid.

12. Copies of all Deeds wherein CRAIG E. TRAYLOR holds a beneficial interest in and to the land described in said Deed.

13. Copies of all Promissory Notes executed from 2005 through the present wherein CRAIG E. TRAYLOR is the owner or holder (beneficially or otherwise).

14. Any and all assignments of property interests by CRAIG E. TRAYLOR (notwithstanding the nature of such property interest) wherein CRAIG E. TRAYLOR was assignor, and wherein such instruments were executed during 2005 through the present.

15. Any and all assignments of any property interest, (notwithstanding the nature of such property interest) wherein CRAIG E. TRAYLOR was assignee and which were executed during 2005 through the present.

16. Copies of all Deeds wherein CRAIG E. TRAYLOR is grantor and which were executed during 2005 through the present.

17. Copies of all loan documents wherein CRAIG E. TRAYLOR is borrower and which were executed and entered into during 2005 through the present.

18. Copies of all certificates of deposit in which CRAIG E. TRAYLOR holds an interest, beneficially, or otherwise.

19. Copies of all federal IRS Form 1965 partnership returns wherein CRAIG E. TRAYLOR is a partner, and which were filed during 2005 through the present.

20. Copies of all assumed name certificates under which CRAIG E. TRAYLOR does business through the present.

21. Copies of all trust agreements wherein CRAIG E. TRAYLOR is either trustee, trustor, settlor, beneficiary or contingent beneficiary.

22. Any and all contracts for deed, contracts for sale of property, or option contracts which have been executed by CRAIG E. TRAYLOR during 2005 through the present.

23. The originals of all corporate stock certificates, bonds, warrants, or debentures owned by CRAIG E. TRAYLOR in any corporation.

24. Copies of all motor vehicle, motorboat, motorcycle and aircraft certificates of title naming CRAIG E. TRAYLOR as owner or co-owner whether issued by state of Texas or otherwise.

25. Copies of all of CRAIG E. TRAYLOR's bank statements, including all canceled checks and deposit receipts for each month since January 1, 2005.

26. Copies of all written correspondence from Sterling Bank to CRAIG E. TRAYLOR

27. Copies of all written correspondence from CRAIG E. TRAYLOR to Sterling Bank.

28. All documents referred to in any way, directly or indirectly, in any and all income tax returns filed by CRAIG E. TRAYLOR for the last five years.

29. All documents that constitute or refer in any way, directly or indirectly, to any and all books, records, or other memoranda of business or financial conduct, activities, status, or income of CRAIG E. TRAYLOR for the last five years.

30. All documents that constitute or refer in any way, directly or indirectly, to any and all deeds, records, or other documents that relate to assets held in the name of CRAIG E. TRAYLOR or owned by CRAIG E. TRAYLOR

31. All documents that refer in any way, directly or indirectly, to any items of personal property in which CRAIG E. TRAYLOR owns or claims an interest.

32. All documents, items, and things that refer in any way, directly or indirectly, to any and all accounts (business or personal bank, checking, savings, credit union, or retirement) in which CRAIG E. TRAYLOR has an interest.

33. All documents that refer in any way, directly or indirectly, to the names and addresses of persons or entities to whom CRAIG E. TRAYLOR has given a financial statement in the last five years.

34. All documents that constitute or refer in any way, directly or indirectly, to financial statements prepared by CRAIG E. TRAYLOR in the last five years.

35. All documents that contain or refer in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for CRAIG E. TRAYLOR in the last five years.

36. All documents that refer in any way, directly or indirectly, to each person or entity to whom CRAIG E. TRAYLOR has paid, given, or conveyed any real or personal property of a value more than $200 in the last five years, not in the regular course of business.

37. All documents that refer in any way, directly or indirectly, to any personal or real property that CRAIG E. TRAYLOR has sold, given, paid, or otherwise conveyed in the last five years.

38. All documents that refer in any way, directly or indirectly, to any and all persons or entities who have appraised any real or personal property for CRAIG E. TRAYLOR in

the last two years.

39. All documents that constitute or refer in any way, directly or indirectly, to any appraisal of any real or personal property prepared for CRAIG E. TRAYLOR in the last two years or that otherwise reflect the value of any real or personal property in which CRAIG E. TRAYLOR has an interest.

40. All documents that evidence or refer in any way, directly or indirectly, to the amount of money owed to CRAIG E. TRAYLOR by any person or entity.

41. All documents that refer in any way, directly or indirectly, to any legal cause of action, either real or anticipated, by or against CRAIG E. TRAYLOR

42. All documents that refer in any way, directly or indirectly, to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by CRAIG E. TRAYLOR

43. All documents that refer in any way, directly or indirectly, to each person who has served as the banker or entity that has served as the bank for CRAIG E. TRAYLOR in the last two years.

44. All documents that refer in any way, directly or indirectly, to any cash on hand for CRAIG E. TRAYLOR as of the date of the deposition.

45. All documents that refer in any way, directly or indirectly, to any and all cash in any account owned or claimed by CRAIG E. TRAYLOR held or deposited with any bank or other financial institution.

46. All documents that refer in any way, directly or indirectly, to any accounts payable owed by CRAIG E. TRAYLOR

47. All documents that constitute or refer in any way, directly or indirectly, to any accounts receivable owed to CRAIG E. TRAYLOR

48. All documents that constitute or refer in any way, directly or indirectly, to any notes receivable held by CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

49. All documents that refer in any way, directly or indirectly, to any shares of stock owned by CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

50. All documents that refer in any way, directly or indirectly, to any bonds owned by CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

51. All documents that refer in any way, directly or indirectly, to any real estate that CRAIG E. TRAYLOR owns or in which CRAIG E. TRAYLOR claims an interest.

52. All documents that refer in any way, directly or indirectly, to any interest CRAIG E. TRAYLOR may have in any businesses, partnerships, corporations, or joint ventures.

53. All documents that refer in any way, directly or indirectly, to any equipment that CRAIG E. TRAYLOR owns or in which CRAIG E. TRAYLOR claim an interest.

54. All documents that refer in any way, directly or indirectly, to any mortgage on which CRAIG E. TRAYLOR is liable.

55. All documents that refer in any way, directly or indirectly, to any other unpaid taxes for which CRAIG E. TRAYLOR is liable except for those already listed with regard to real estate.

56. All documents that refer in any way, directly or indirectly, to any assets held in trust, in an estate, or in any other name or capacity in which CRAIG E. TRAYLOR claims or has an interest.

57. All documents that refer in any way, directly or indirectly, to assets, except real estate, that secure any debt for which CRAIG E. TRAYLOR is liable.

58. All documents that refer in any way, directly or indirectly, to CRAIG E. TRAYLOR's obligations to pay the leases, notes, or other debts of any other person or entity.

59. All documents that refer in any way, directly or indirectly, to any unsatisfied judgment against CRAIG E. TRAYLOR or for which CRAIG E. TRAYLOR is liable.

60. All documents that refer in any way, directly or indirectly, to any filing in bankruptcy by CRAIG E. TRAYLOR or any assignment by CRAIG E. TRAYLOR for the benefit of creditors.

61. All documents that refer in any way, directly or indirectly, to any dividends payable to CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

62. All documents that refer in any way, directly or indirectly, to any interest payable to CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

63. All documents that refer in any way, directly or indirectly, to any royalties payable to CRAIG E. TRAYLOR or in which CRAIG E. TRAYLOR claims an interest.

64. All documents that refer in any way, directly or indirectly, to any personal or business

expense (management, rent, household, etc.) of CRAIG E. TRAYLOR

65. All documents that refer in any way, directly or indirectly, to any insurance policies and/or annuity contracts in which CRAIG E. TRAYLOR has an interest or that insure property in which CRAIG E. TRAYLOR has an interest or any insurance payments made by CRAIG E. TRAYLOR in the last four years and any insurance payments due or to become due to CRAIG E. TRAYLOR

66. All documents that refer in any way, directly or indirectly, to any other assets not already divulged by CRAIG E. TRAYLOR under this document request.

67. All documents that refer in any way, directly or indirectly, to any other liabilities not already divulged under this document request.

68. All documents that refer in any way, directly or indirectly, to any outstanding contracts for which CRAIG E. TRAYLOR is entitled to receive a commission and/or on which CRAIG E. TRAYLOR claims a right to receive a commission, whether a partial commission or complete commission.

69. All documents that evidence safe-deposit boxes, lock boxes, and storage facilities of any kind to which CRAIG E. TRAYLOR has access.

70. All documents that refer in any way, directly or indirectly, to any assets that were owned or claimed by CRAIG E. TRAYLOR's spouse before marriage, acquired by CRAIG E. TRAYLOR's spouse during marriage by gift or inheritance, or recovered for personal injuries sustained by CRAIG E. TRAYLOR's spouse during marriage or received in any settlement or judgment pertaining to divorce.

71. Any will executed but not revoked in writing by CRAIG E. TRAYLOR.

72. All documents that refer to any divorce of CRAIG E. TRAYLOR's within the last five years.

73. Any and all documents evidencing or concerning the Collateral, including, but not limited to, the ***ORIGINAL*** invoices, work orders, service tickets, delivery tickets and other related documents concerning the accounts receivable of Traylor and Associates, Ltd., pledged to Sterling Bank.